**Cara R. Burns, Esq. (State Bar No. 137557)**
cburns@hmkblawyers.com
**HICKS, MIMS, KAPLAN & BURNS**
**28202 Cabot Road, Suite 300**
**Laguna Niguel, California 92677**
**Telephone: (310) 314-1721**
**Facsimile: (949) 340-9737**

**Attorneys for Plaintiff,**
**MERCH TRAFFIC, LLC**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

'21CV1452 TWR MSB

| | |
|---|---|
| MERCH TRAFFIC, LLC, | Case No. 21-cv- |
| Plaintiff, | COMPLAINT FOR: TRADEMARK INFRINGEMENT; VIOLATIONS OF THE LANHAM ACT; VIOLATION OF CALIFORNIA CIVIL CODE 3344(a); AND VIOLATION OF RIGHT TO PRIVACY |
| v. | |
| JOHN DOES 1-100, JANE DOES 1-100 AND XYZ COMPANY, | |
| Defendants. | |

Plaintiff Merch Traffic, LLC ("Plaintiff"), by its attorneys, files this complaint against defendants, alleging as follows:

## JURISDICTION AND VENUE

1. This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1338(a), (b). Venue in this district is proper under 28 U.S.C. § 1391(b).

# PARTIES

2. Plaintiff Merch Traffic, LLC, ("Plaintiff") is a Delaware corporation with its principal place of business in Los Angeles, California.

3. Defendants John Does 1-100, Jane Does 1-100 and XYZ Company are sued herein under fictitious names because their true names and capacities are unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

4. The individual defendants and defendant XYZ Company will be present in and about the Southern District of California in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5. Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

# THE BACKGROUND OF THE ACTION

6. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performers, including, but not limited to tour books, T-shirts, jerseys, sweatshirts, hats, buttons and posters (collectively "Tour Merchandise") which embody the trademarks, service marks, likenesses, logos and other indicia of musical performers.

7. The group known as **"JONAS BROTHERS"** (collectively the "Group"), is the trademark used by this group in connection with their performing, merchandising, recording and other related goods in all aspects of the entertainment industry and to distinguish their services from all other such artists. The Group has used their marks in connection with their recording and performing services for approximately 15 years.

8. The Group has obtained US Federal Trademark Registrations for their **JONAS BROTHERS** trademark: Registration Number 3550126, International Class

("IC") 025 for use in connection with clothing, namely, tops, bottoms, headwear, sleepwear, underwear, undergarments, beach wear, jumpers, sweaters, pullovers, singlets, wristbands, belts; Registration Number 3550172, IC 014 for use in connection with jewelry; Registration Number 4105832, IC 018 for use in connection with all-purpose sports and athletic bags, and other similar goods; Registration Number 3649604, IC 016 for use in connection with paper products; Registration Number 4105833, IC 16 for use in connection with notebooks and other similar goods; Registration Number 3665680, IC 041 for use in connection with entertainment services; and Registration Number 3649605, IC 009 for use in connection with sound recordings and other similar goods. The Group has also obtained US Federal Trademark Registration for their **TEAM JONAS** trademark: Registration Number 3808504, IC 025 for use in connection with clothing, namely, tops, IC 016 for use in connection with paper products, and IC 041 for use in connection with entertainment services. The Group has obtained US Trademark Registration for their **JONAS BROTHERS** design trademark:

Registration Number 4109080, IC 025 for use in connection with clothing, Registration Number 3640972, IC 016 for use in connection with paper products; and Registration Number 4115198, IC 016 for use in connection with notebooks and other similar goods. All of the above trademarks are incontestable.

9. Pursuant to an agreement between the Group and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all trademarks, service marks, likenesses, logos and other indicia of the Group (collectively, the "Group's Trademarks") on and in connection with Tour Merchandise ("Authorized Tour Merchandise") sold and offered for sale in the vicinity of the Group's present United States tour (the "Tour").

10. The Plaintiff has used the Group's Trademarks to identify officially authorized goods and services in interstate commerce and to distinguish their marks from

those of others by, among other things, prominently displaying the Group's Trademarks on recording covers and merchandise, including T-shirts and other apparel.

11. The Group has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Group has appeared in concerts at major arenas and stadiums in the United States, and throughout the world and has been seen and heard in concert by millions of popular music enthusiasts. The previous tours by the Group were attended by hundreds of thousands of people.

12. As a result of the foregoing, each of the Group's Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of merchandise bearing any or all of the Group's Trademarks. Plaintiff and the Group annually realize substantial income from the sale of the Authorized Tour Merchandise bearing the Group's Trademarks.

13. On Wednesday, August 25, 2021 at the at the North Island Credit Union Amphitheater in Chula Vista, California, the Group will perform (the "Concert"). Authorized Tour Merchandise bearing any or all of the Group's Trademarks will be sold throughout the United States before and after all concerts on the Tour.

## DEFENDANTS' UNLAWFUL CONDUCT

14. Defendants, also known as "Bootleggers" will sell and distribute unauthorized, infringing T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Group's Trademarks (the "Infringing Merchandise" or "Bootleg Merchandise") in the vicinity of the Concert, before, during and after their performances, and at subsequent concerts during the Tour.

15. The Infringing Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Infringing Merchandise is not authorized by the Group or Plaintiff. Further, the Infringing Merchandise sold and to be sold by Defendants is generally of inferior quality. The sale of such merchandise has injured and is likely to injure the reputation of the Group which

has developed by virtue of their public performances and the reputation for high quality associated with Plaintiff and Authorized Tour Merchandise.

16. The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Infringing Merchandise is authorized, sponsored or approved by the Group and/or Plaintiff and that such Infringing Merchandise is subject to the same quality control and regulation required by the Group and/or Plaintiff, despite the fact that this is not true. It also injures Group and Plaintiff in that Defendants do not pay any royalty for these unlawful sales.

17. The aforesaid manufacture, distribution and sale of Infringing Merchandise bearing trademarks, service marks, likenesses, logos and other indicia of the Group constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise. The use by Defendants of the Group's Trademark also constitutes an attempt to palm off and appropriate to themselves the Group's and Plaintiff's exclusive rights therein.

18. Upon information and belief, Defendants will continue to engage in such infringing activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Group.

19. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

## FIRST CLAIM FOR RELIEF
### (Infringement of Registered Trademark)

20. Plaintiff realleges each allegation set forth in the paragraphs above.

21. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered mark.

## SECOND CLAIM FOR RELIEF
### (Violation of the Lanham Act)

22. Plaintiff realleges each allegation set forth in the paragraphs above.

23. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Infringing Merchandise.

## THIRD CLAIM FOR RELIEF
### (Violation of California Civil Code § 3344(a))

24. Plaintiff realleges each allegation set forth in paragraphs above.

25. Upon information and belief, the aforesaid acts by Defendants and others will involve the knowing use of the Group's name and likeness without consent, in violation of California Civil Code § 3344(a).

26. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to California Civil Code § 3344 with respect to Defendants' unlawful use of the Group's names and likenesses.

## FOURTH CLAIM FOR RELIEF
### (Violation of Common Law Right to Privacy)

27. Plaintiff realleges each allegation set forth in paragraphs above.

28. By virtue of the expenditures of time, efforts and talent by the Group and Plaintiff in advertising, publicizing and promoting the accomplishments of the Group and through extensive commercial exploitation of their public persona, the Group and Plaintiff have created rights of publicity in the Group's names and likenesses which has been licensed and conveyed to Plaintiff.

29. The aforesaid uses of the Group's Trademarks by Defendants constitute infringements of such rights of privacy.

30. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief under the Common Law Right to Privacy with respect to Defendants' unauthorized use of Group's names and likenesses.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Merch Traffic, LLC seeks relief against Defendants as follows:

A. As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the federally registered trademarks, service marks, likenesses, logos and other indicia of the Group or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B. As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Infringing Merchandise which the Defendants attempt to sell or distribute within or in the vicinity of the Group's concerts on the Tour, including whether this occurs before, during or after the concerts.

C. That Defendants deliver up for destruction any and all Infringing Merchandise.

D. As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

E. As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's fees and such other and further relief as the Court deems to be just and proper.

Dated:  August 16, 2021

Respectfully Submitted,
Merch Traffic, LLC
By Its Attorneys
/s/ Cara R. Burns_____
Cara R. Burns, Esq. (Cal. Bar # 137557)
cburns@hmkblawyers.com
Hicks, Mims, Kaplan & Burns
28202 Cabot Road, Suite 300
Laguna Niguel, California 92677
Telephone: (310) 314-1721
Facsimile: (949) 340-9737